UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA J. LOVELL,

                  Plaintiff,

        v.

THE CITY OF NEW YORK, BRONX
COUNTY DISTRICT ATTORNEY'S
OFFICE,

                  Defendants.

24-CV-2873 (JAV)

**NOTICE OF REASSIGNMENT
AND MOTION TO DISMISS
BRIEFING SCHEDULE**

JEANNETTE A. VARGAS, United States District Judge:

This case has been reassigned to the undersigned. All parties must familiarize themselves with the Court's Individual Practices, which are available at https://nysd.uscourts.gov/hon-jeannette-vargas. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment.

Under the Court's individual practices, pre-motion conferences are not required. It is **HEREBY ORDERED** that the scheduled pre-motion conference on Wednesday, December 18, 2024, is cancelled. It is **FURTHER ORDERED** that Defendants must file their motion to dismiss no later than Thursday, January 16, 2025. Plaintiff has until Monday, March 3, 2025, to file a response to the Defendants' motion to dismiss. Defendants have until Monday, March 17, 2025, to file a reply to Plaintiff's response.

It is **FURTHER ORDERED** that the request to stay discovery is **DENIED**. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery for "good cause." Fed. R. Civ. P. 26(c). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l*, 206 F.R.D.

367, 368 (S.D.N.Y. 2002) (internal citation omitted).  Discovery may be stayed pending the outcome of a motion to dismiss, however "the issuance of a stay is by no means automatic."  *In re WRT Energy Sec. Litig.*, No. 96 Civ. 3610, 1996 WL 580930, at *1 (S.D.N.Y. Oct. 9, 1996).  Before granting a stay, "a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion."  *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 Civ. 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).  Defendants have not adequately explained why the Court should grant their motion to stay discovery.  Accordingly, Defendants are welcome to file a letter-motion requesting a stay of discovery which addresses the factors discussed above.

The Clerk of the Court is **DIRECTED** to terminate ECF Nos. 34 and 36.

Dated: December 17, 2024
　　　New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge